IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ANTHONY JONES,                          :

    Plaintiff,                          :

vs.                                     :      CIVIL ACTION 05-0685-CG-C

WILBER JOHNSON, et al.,                 :

    Defendants.                         :


## REPORT AND RECOMMENDATION

    This § 1983 action, which was filed by an Alabama prison inmate, along with a motion to proceed without prepayment of fees, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's motion to proceed without prepayment of Fees (Doc. 6) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

>    the prisoner is under imminent danger of serious physical
>    injury.

In reviewing plaintiff's recently filed complaint and motion to proceed without prepayment of fees (Docs. 5 & 6), the Court examined its docket, along with the dockets of the United States District Courts for the Middle and Northern Districts of Alabama, and discovered that plaintiff had previously five actions or appeals dismissed as frivolous, namely, *Jones v. Mobile County District Court, et al.,* CA 92-0042-RV-M (S.D. Ala. Dec. 10, 1993); *Jones v. Boutwell, et al.,* CA 95-0518-BH-S (S.D. Ala. July 26, 1995), *appeal without arguable merit,* (11th Cir. Dec. 29, 1995);[1] *Jones v. English, et al.,* CA 95-1044-RV-M (S.D. Ala. Oct. 18, 1996); and *Jones v. Diamond, et al.,* 96-0293-RV-M (S.D. Ala. May 23, 1996).

Furthermore, in the complaint plaintiff alleges that on May 11 or 12, 2000, defendants participated in his unlawful arrest and conspired to interrogate him, get his consent, and obtain a sample of his blood, which was used against him in court. Accordingly, the Court finds plaintiff's allegations do not demonstrate that he was "under imminent danger of serious physical injury" at the time he filed this action on November 22, 2005 (Doc. 1). Therefore, he cannot avail himself of the exception to § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must

---

[1] Plaintiff was denied leave to proceed *in forma pauperis* on appeal because the Eleventh Circuit Court of Appeals found his appeal to be without arguable merit. When there is a lack of arguable legal merit, the Supreme Court has determined the issue is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

Because plaintiff did not pay the $250.00 filing fee at the time he filed this action and has not met § 1915(g)'s exception that he was "under imminent danger of serious physical injury" at the time of filing, plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that the action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action). Accordingly, it is recommended that plaintiff's motion to proceed without prepayment of fees (Doc. 6) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the report and recommendation.

DONE this 12th day of January, 2006.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                     s/WILLIAM E. CASSADY
                                                     UNITED STATES MAGISTRATE JUDGE